**Jennie FREEMAN, Appellant,**

v.

**Vego E. BARNES, Individually and as Commissioner of Economic Security of Commonwealth of Kentucky, Appellee.**

Court of Appeals of Kentucky.

April 21, 1961.

William A. Young, Frankfort, for appellant.

Guy C. Shearer, Louisville, Paul E. Tierney, Dept. of Economic Security, Frankfort, for appellee.

CULLEN, Commissioner.

Mrs. Wayne Freeman, an employe in the Mayfield, Kentucky, office of the Kentucky Department of Economic Security, was ordered by Vego E. Barnes, commissioner of the department, to report for service in the Louisville office of the department for an emergency period of unstated duration. She refused to accept the transfer assignment and was discharged. Thereafter she brought action against Barnes seeking a personal judgment against him individually for salary for the period from the date of her discharge to the date some seven months later when Barnes resigned his position. The case was tried by the court without a jury and judgment was entered dismissing the complaint. Mrs. Freeman has appealed.

Mrs. Freeman's claim for relief is based on the following provision of KRS 18.080 (since repealed):

"No person holding a position as a subordinate officer or employe in the state service shall use, or seek to use, his authority or official influence to control or modify the political action of any other person, * * *"

Her contention is that the order assigning her to the Louisville office was for the purpose and with the motive to control the political action of her husband, who at the time was a state senator politically opposed to the then Governor, A. B. Chandler.

The statute in question, KRS 18.080, formerly was compiled as KRS 42.150. It was derived from Section 6 of Chapter 1 of the Acts of the First Extraordinary Session of 1936, other parts of which section were compiled as KRS 42.110, 42.120, 42.130 and 42.140. It is apparent from these other parts that a distinction was intended between the *appointing officer* of a state agency and a "subordinate officer or employe," because KRS 42.130 provided for notice to be given by the "appointing officer of each state agency" of a change of status of any "subordinate officer or employe," and KRS 42.140 provided that the "appointing officer of each state agency" might remove any "subordinate officer or employe" under his jurisdiction. It thus is clear, from the context of the entire original section, that "subordinate officer or employe" as used in KRS 42.150 (later

KRS 18.080) did not include the appointing officer of a department. The reasons why the legislature chose to so limit the statute are not for us to consider.

 Barnes was the administrative head and appointing officer of the Department of Economic Security, and not a "subordinate officer or employe." The statute therefore did not apply to him. Accordingly, the trial court properly dismissed the complaint.

We feel impelled to say that the evidence is convincing that the order transferring Mrs. Freeman to Louisville was made with the purpose and motive to control the political action of her husband or as punishment for his refusal in the past to be governed in his political action by the desires of the Governor. This constituted an abuse of political power that certainly cannot be condoned. However, the statute relied upon by Mrs. Freeman does not furnish a remedy.

The judgment is affirmed.

STEWART, J., dissenting.